UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 23-cv-2348

| | |
|---|---|
| NICHOLE LAROQUE,<br><br>  Plaintiff,<br>v.<br><br>SPIRE CREDIT UNION AND R.I. LIMITED LIABILITY COMPANY d/b/a RECOVERY - INDUSTRY,<br><br>  Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action originates from Defendants SPIRE CREDIT UNION AND R.I. LIMITED LIABILITY COMPANY d/b/a RECOVERY - INDUSTRY's unlawful repossession of Plaintiff's automobile and wrongful conversion of personal property in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; Minn. Stat. § 336.9-609; and Minnesota state common law.

## JURISDICTION AND VENUE

2. This action arises out of events emanating from this District and this Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

1

## PARTIES

4. Plaintiff Nichole LaRoque (hereinafter "Plaintiff") is a natural person who resides in the City of Shakopee, County of Scott, State of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "consumer debtor" as defined by Minn. Stat. § 336.9-102(a)(22).

5. Defendant Spire Credit Union ("Defendant Spire") is a full-service, financial cooperative credit union organized under the laws of the United States of America. Defendant Spire's principal place of business is located at 2025 Larpenteur Avenue West, Falcon Heights, MN 55113. Defendant Spire regularly conducts business in the State of Minnesota.

6. Defendant R.I. Limited Liability Company d/b/a Recovery - Industry ("Defendant R.I.") is a Minnesota corporation with its principal place of business located at 9240 Cottonwood Lane, Maple Grove, MN 55369. Defendant R.I. is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

7. On August 5, 2021, Plaintiff purchased a 2012 Lincoln MKX (hereinafter "Vehicle") from Dakota Motor Company (hereinafter "The Dealer").

8. In connection with the purchase, Plaintiff was required to obtain a loan to finance the purchase of the Vehicle.

9. Both Plaintiff and a representative of The Dealer signed the "Buyer's Order/Purchase Agreement" which listed Capital One Auto Finance as the bank set to service the loan.

10. Capital One Auto Finance, however, refused to finance the loan based on the terms presented by the Dealer.

11. Instead, the Dealer assigned the contract and security agreement to Defendant Spire as reflected in the "Retail Installment Contract and Security Agreement" (hereinafter "Finance Agreement").

12. Due to the terms outlined in the Finance Agreement, Defendant Spire required a cosigner on the agreement.

13. The Dealer's owner, David John Finnegan ("Finnegan"), cosigned the Finance Agreement which granted Defendant Spire a security interest in the Vehicle to secure repayment of Defendant Spire's loan.

14. The Finance Agreement with Defendant Spire to repay the loan required payments through regular monthly installments by Plaintiff and Finnegan.

15. The loan with Defendant Spire was incurred for personal, family, or household purposes.

16. The loan with Defendant Spire is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. Because Plaintiff and Finnegan incurred the debt for personal and family purposes and purchased the Vehicle for personal and family purposes, the entire transaction was a "consumer goods transaction" as defined by Minn. Stat. § 336.9-102(a)(24).

18. Between August 5, 2021, (the day the Finance Agreement was signed) and February 2023, Plaintiff paid $8,000 as a down payment for the Vehicle and 20 monthly payments totaling $4,380.

19. In March 2023, Plaintiff and Finnegan fell behind on the payments to Defendant Spire and the account was in default.

20. Plaintiff fell behind on the payments because unforeseen employment circumstances caused a sever decrease in employment.

21. It is unclear why Finnegan did not make the loan payments.

## DEFENDANTS SPIRE AND R.I. UNLAWFULLY REPOSSESS PLAINTIFF'S VEHICLE

22. Prior to the repossession of the Vehicle, Finnegan left plaintiff a threating voicemail saying the following:

    > "Spire has been trying to get ahold of you; you are two months late [referring to the loan]. I am tired of all the letters, so I would like to have you surrender the car. If not, there is other means, but they are both expensive and not real friendly. You have put me in a precarious position with a lender that I do a lot of business with, but I will get the car, one way or the other."

23. On April 24, 2023, Defendant R.I. came to Plaintiff's apartment complex - Shakopee Flats Apartments to conduct a self-help repossession of Plaintiff's Vehicle.

24. At this time, Plaintiff's Vehicle was located within a private, secured, locked garage which limited access to residents of the apartment complex and its employees only.

25. Plaintiff paid an extra monthly charge for the privilege of being able to gain access and park in the secured locked garage.

26. Access through the primary overhead entry door of the parking garage requires the use of a remote-control device.

27. A remote-control device is distributed only to employees of Shakopee Flats Apartments complex or tenants who pay the additional monthly charge.

28. Additional access to the parking garage is available through one secured and locked "side door" next to the primary overhead entry, which automatically locks when closed and requires a key to unlock from the outside only. People already inside the garage do not need a key to leave the garage.

29. Upon information and belief, Defendants were familiar with the security implementation features and no trespassing requirements at the Shakopee Flats Apartments complex.

30. Despite the knowledge of the no-trespassing restrictions and the fact that entry into the locked garage could not be accomplished without stealth or trickery, Defendants did not change their practice of authorizing, condoning, and instructing their employees and agents to trespass into the private property of the Shakopee Flats Apartments underground secured parking facility to accomplish self-help repossession.

31. At no time did Defendants seek permission or authorization to enter the locked and secured garage from the Shakopee Flats Apartments staff or management.

32. Defendants did not repossess the vehicle from Plaintiff's property but instead from that of third-party without permission, consent, or authorization thus constituting illegal and criminal trespass.

33. On or about April 24, 2023, Defendant R.I. illegally entered the property of Shakopee Flats Apartments complex and gained unlawful access to the private, secured, locked parking garage where Plaintiff's Vehicle was parked.

34. On the night of April 24, 2023, Plaintiff ventured out of her apartment and realized that her Vehicle had been taken.

35. Immediately after realizing such, Plaintiff called the Shakopee Police Department because she believed the car was stolen. Later that evening, the police department called Plaintiff back and notified her that the car was repossessed by Defendant R.I.

36. On the morning of April 25, 2023, Plaintiff called the police department again to gain more information about the repossession. The police department was unable to provide her with more information.

37. On April 27, 2023, Plaintiff called Defendant Spire and asked about the status of her account. Defendant Spire's employee notified Plaintiff that the Vehicle had been paid off by the co-signer, David John Finnegan, who then took possession of the Vehicle.

38. Plaintiff also contacted her apartment management and requested that the apartment keep any videotape regarding the repossession.

39. Defendants' repossession agents' conduct at Shakopee Flats Apartments complex on April 24, 2023, was a breach of the peace.

40. As a result of Defendants' actions, Plaintiff has suffered emotional distress, loss of sleep, anger, anxiety, embarrassment, and humiliation.

41. As a result of Defendants' actions, Plaintiff has suffered an out-of-pocket loss.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSE OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f(6)

### AGAINST DEFENDANT R.I.

43. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

44. Under 15 U.S.C. § 1692f(6), the FDCPA prohibits debt collectors, such as Defendant R.I., from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral based on where it was located at the time of repossession.

45. The failure of Defendant R.I.'s agent to cease and desist from the repossession from within the secured locked underground garage complex was a breach of peace due to the revocation of the self-help right to possession.

46. Without a present legal right to possess the vehicle (due to trespass), Defendant R.I. persisted and engaged in a repossession on April 24, 2023, by entering into Plaintiff's private, secured, locked parking garage rented from Shakopee Flats Apartments complex, in violation of 15 U.S.C. § 1692f(6).

47. Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover from Defendant R.I., actual damages, including mental and emotional distress, statutory damages of $1,000, and costs and reasonable attorney's fees.

## COUNT II.

## WRONGFUL REPOSSESSION

## MINN. STAT. § 336.9-609

## AGAINST DEFENDANTS SPIRE AND R.I.

48. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

49. Defendants Spire and R.I. had no present legal right to possess Plaintiff's Vehicle, due to the illegal manner in which Defendant R.I. gained access to the private, secured underground parking garage any and all rights to repossess the Plaintiff's vehicle were revoked to use self-help repossession in the repossession of Plaintiff's Vehicle.

50. Defendants' self-help repossession on April 24, 2023, was therefore conducted without a present right to possession, in violation of Minn. Stat. § 336.9-609.

51. Further, Defendant R.I. trespassed into a private, secured, rented, locked apartment garage in order to locate and repossess Plaintiff's Vehicle. Defendant R.I.'s wrongful entry or entry by trespassing onto the private property, creating a breach of peace, and entering into the private, secured, locked parking garage to conduct the repossession was a breach of the peace under Minnesota law, in violation of Minn. Stat. § 336.9-609. *Bloomquist v. First Nat'l Bank of Elk River*, 378 N.W. 2d

8

81, 86 (Minn. App. 1985) (breaking and entering debtor's property to repossess collateral constituted a breach of the peace); *Thompson v. First State Bank of Fertile*, 709 N.W. 2d 307, 311 (2006) (holding that entering a closed building or a closed gate to repossess collateral can be a breach of the peace.)

52. The duty to conduct self-help repossessions without breaching the peace is a non-delegable obligation of creditors under Minnesota law.

53. Thus, Defendants are liable to Plaintiff to the full extent of the liability of Defendant R.I. for its breach of the peace.

54. Pursuant to Minn. Stat. § 336.9-625, Plaintiff is entitled to recover from Defendants Spire and R.I. statutory damages, actual damages, including mental and emotional distress, costs, and reasonable attorney's fees.

## COUNT III.

## CONVERSION

## AGAINST DEFENDANTS SPIRE AND R.I.

55. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

56. Defendants Spire and R.I. intentionally interfered with Plaintiff's use of her property without a claim of right by repossessing her Vehicle in violation of Minn. Stat. § 336.9-609.

57. Defendant Spire intentionally interfered with Plaintiff's use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiff to possession of the Vehicle itself.

58. Plaintiff has suffered an absolute deprivation of her property rights and is entitled to recovery for the full value of the Vehicle and the full value of loss of use of her property due to damages by Defendants Spire and R.I.

## COUNT IV.

## TRESPASS

## AGAINST BOTH DEFENDANTS

59. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

60. Plaintiff resides at Shakopee Flats Apartments complex and rents parking space and stores her vehicle in a private secured, locked underground parking garage.

61. Defendant R.I. was not given permission to enter the private, secured, locked parking garage by either Plaintiff or the Shakopee Flats Apartments complex.

62. Defendant R.I. unlawfully entered the private, secured, locked parking garage in order to effectuate an illegal repossession. As a result of this trespass, Defendant R.I. has caused injury to Plaintiff.

63. Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## COUNT V.

## INTRUSION UPON SECLUSION

## AGAINST DEFENDANT R.I.

64. Plaintiff incorporates by reference the above paragraphs as though fully stated herein.

65. Defendant R.I. intentionally intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs during the attempted self-help repossession of the Vehicle on April 24, 2023.

66. Defendant R.I.'s intrusion was substantial, highly offensive to Plaintiff, and would be highly offensive and objectionable to any reasonable person in Plaintiff's position who had rented interior secured garage space that was illegally invaded.

67. Plaintiff had a legitimate expectation of privacy in her solitude, seclusion, and private concerns and affairs.

68. As a result of Defendant R.I.'s intrusion, Plaintiff has suffered emotional distress, and out-of-pocket loss and is entitled to an award of actual damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as follows:

- awarding Plaintiff actual and statutory damages against Defendant R.I. for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs fees against Defendant R.I. pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff actual and statutory damages against Defendants Spire and R.I. pursuant to Minn. Stat. §336.9-625;
- awarding Plaintiff damages caused by Defendants Spire and R.I.'s conversion of Plaintiff's property;
- awarding Plaintiff damages caused by Defendant R.I.'s illegal trespass to Plaintiff's property;
- awarding Plaintiff damages caused by Defendant R.I.'s illegal intrusion upon Plaintiff's seclusion; and
- for such other and further relief as may be just and proper.

Dated this 4th day of August 2023.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
Carter B. Lyons, Esq.
Attorney I.D. #: 403655
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

***ATTORNEYS FOR PLAINTIFF***

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Nichole LaRoque, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this 4th day of August 2023.

                s/Nichole LaRoque
                Nichole LaRoque