UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nichole LaRoque, | Civil No. 23-2348 (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Spire Credit Union and R.I. Limited Liability Company *d/b/a* Recovery - Industry, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Plaintiff Nichole LaRoque's motion for partial summary judgment. (Doc. No. 55.) Defendants Spire Credit Union ("Spire") and R.I. Limited Liability Company ("Recovery") oppose the motion. (Doc. Nos. 60, 62.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Plaintiff Nichole LaRoque purchased a used 2012 Lincoln MKX from Dakota Motor Co. on August 5, 2021. (Doc. No. 61 ("Brees Decl.") ¶ 4, Ex. 2 ("Security Agreement") at 2.) She took out a loan for $9,566 to finance the car. (*Id.*) The loan was financed through Spire. (*Id.* at 3.) LaRoque was late on payments under that financing agreement as of March 2023. (Doc. No. 58 ("Lyons Decl.") ¶ 4, Ex. 2 ("LaRoque Dep.") at 130, 132.)

By terms of the agreement, LaRoque's default entitled Spire to repossess the car. (Security Agreement at 4.) Spire sent letters notifying LaRoque of the default. (*See* Brees Decl. ¶ 5, Ex. 3; *id.* ¶ 6, Ex. 4.) While LaRoque testified that she did not receive these letters, she acknowledges that she likely received emails notifying her to contact Spire. (LaRoque Dep. at 135, 138, 142-46.)

LaRoque kept the car in an underground parking garage at her apartment complex, the Shakopee Flats. (*Id.* at 156.) Residents paid an extra $50 per month to park in the garage. (*Id.* at 159.) The garage was locked and required a key remote or RFID tag to open. (Lyons Decl. ¶ 5, Ex. 3 ¶¶ 6-7.)[1] There was also a service door on the side of the garage door that locked when closed. (*Id.* ¶ 8.)

On April 24, 2023, Recovery employee Paul Muenzhuber (the "Spotter") went to the Shakopee Flats. (LaRoque Dep. at 159-60; Brees Decl. ¶ 7, Ex. 5 ("Muenzhuber Dep.") at 17.) The Spotter did not ask the Shakopee Flats for permission to enter the garage. (Muenzhuber Dep. at 17.) He waited outside the Shakopee Flats garage until another car entered and followed that car in. (*Id.* at 18-19.) Once inside the garage, he stuck paper in the side door, disabling the locking mechanism and making it possible to reenter through the service door. (*Id.* at 21-22.) The Spotter then alerted his supervisors

---

[1] LaRoque objects to Recovery's reliance on the declaration of Brennon Kampsen, and she requests that the Court strike it. (Doc. No. 66 at 2-4.) Recovery opposes that request and further objects to the declaration of Randi Fesler. (Doc. No. 67.) The Court does not rely on the Kampsen declaration and relies on the Fesler declaration only to establish that the garage was locked, an undisputed fact accepted as true by all parties. The Court therefore need not address LaRoque's request. Further, the Court's decision would be the same regardless of the fact that the garage was locked.

that he had located the car, prompting Recovery to contact a tow truck. (*Id.* at 19-21.) He left the property while waiting for the tow truck, which arrived three hours later. (*Id.* at 21, 24-25.) Once there, the Spotter open the now unlocked service door and opened the garage door from the inside. (*Id.* at 25.) The tow truck then drove in and took possession of the vehicle. (*Id.*) There were no witnesses of this event.

LaRoque brings the current action alleging that: (1) Recovery violated the Fair Debt Collection Practices Act ("FDCPA"); (2) Spire and Recovery violated Minnesota Statute § 336.9-609 ("Section 336.9-609"), Minnesota's repossession law; (3) Spire and Recovery committed conversion; and (4) Spire and Recovery committed trespass. (Doc. No. 45.) This motion applies only to the first two counts, asking that Spire and Recovery be found liable for violations of the FDCPA and Section 336.9-609. (Doc. No. 55.)

## DISCUSSION

### I.     Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

**II.   Analysis**

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt" by:

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
>    (B) there is no present intention to take possession of the property; or
>    (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Courts look to state law requirements to determine the right to possession under the FDCPA. *See Hansen v. Santander Bank, N.A.*, 689 F. Supp. 3d 679, 686 (D. Minn. 2023).

Under Minnesota law, the "present right to possession" for purposes of FDCPA § 1692f(6) is defined by Section 336.9-609. *See Freeman v. Ally Fin. Inc.*, 528 F. Supp. 3d 1038, 1043 (D. Minn. 2021). Section 336.9-609 allows a secured party[2] to take possession of collateral after default. Minn. Stat. § 336.9-609(a)(1) (2024). If a secured party proceeds with repossession without a judicial order, that secured party must do so "without breach of the peace." *Id.* § 336.9-609(b)(2). A breach of the peace abrogates the secured party's present right to possession of the collateral. *See Clarin v. Minn. Repossessors, Inc.*, 198 F.3d 661, 665 (8th Cir. 1999).

Minnesota law defines a breach of the peace as a "violation of the public order, a disturbance of public tranquility, by an act or conduct inciting to violence or tending to provoke or excite others to breach the peace [including] any violation of any law enacted to preserve peace and good order." *Bloomquist v. First Nat'l Bank of Elk River*, 378 N.W.2d 81, 85 (Minn. Ct. App. 1985) (alteration in original) (quoting *Kimble v. Universal TV Rental, Inc.*, 417 N.E.2d 597, 602 (Franklin Cnty. Mun. Ct. 1980)). "[N]o violence or threat of violence need occur before a breach of the peace may be found." *Id.* at 86. "Rather, 'the probability of violence at the time of or immediately prior to the repossession is sufficient.'" *Saice v. MidAmerica Bank*, No. 98-cv-2396, 1999 WL 33911356, at *2 (D. Minn. Sept. 30, 1999) (quoting *Chrysler Credit Corp. v. Koontz*, 661

---

[2] While not a "secured party," independent contractors operating on behalf of a secured party are still liable. *Osborne v. Minn. Recovery Bureau, Inc.*, No. 04-cv-1167, 2006 WL 1314420, at *2 (D. Minn. May 12, 2006). Therefore, both Spire and Recovery are within the scope of the FDCPA. *See Akerlund v. TCF Nat'l Bank of Minn.*, No. 99-cv-1537, 2001 WL 1631440, at *4 (D. Minn. June 11, 2001).

N.E.2d 1171, 1173 (Ill. Ct. App. 1996)).  Minnesota courts consider five factors to determine whether a repossession breached the peace: "(1) where the repossession took place, (2) the debtor's express or constructive consent, (3) the reactions of third parties, (4) the type of premises entered, and (5) the creditor's use of deception." *Clarin*, 198 F.3d at 664.

    A.    *Clarin* **Factors**

The Court analyzes whether Recovery's conduct was a breach of the peace to determine if Defendants violated Section 336.9-609 as a matter of law.  The Court finds that a jury could find that the *Clarin* factors weigh in favor of either party.  The only factor that clearly weighs in one direction is the third—the reactions of third parties.  No one witnessed Recovery's actions nor objected to them.  But the other factors could weigh in favor of either party.

The first and fourth factors—location and type of premises—do not have a clear answer.  The repossession took place in the Shakopee Flats' parking garage.  Typically, a residential garage is considered part of a debtor's residence.  *See Thompson v. First State Bank of Fertile*, 709 N.W.2d 307, 312 (2006).  However, as repossession moves farther from the residence, the argument for a breach of the peace becomes progressively more tenuous.  *Id.*  A fact finder could find that the parking garage was far enough away from LaRoque's apartment that it was no longer protected from repossession as part of the residence.  A fact finder could also find that an apartment parking garage is similar enough to a residential garage to warrant the same protection.  *Cf. Arcand v. City & Cnty. Credit Union*, No. 23-cv-1505, Doc. No. 88 (D. Minn. Dec. 16, 2024) (denying cross

motions for summary judgment, explaining that the distance analysis for an apartment complex's parking garage is unclear and a jury could decide either way).

The second factor—consent—could also weigh in either direction. Courts have found that default on a security interest acts as consent to the repossession. *Moore v. Capital One N.A.*, No. 14-cv-4745, 2016 WL 1627604, at *2 (D. Minn. Apr. 22, 2016). However, this holding is not binding and the Court declines to accept that notion as precedential at this point. A fact finder would still be free to decide that LaRoque did not consent.

Finally, the fifth factor—deception—is also unclear. Defendants contend that because the Spotter drove through openly and obviously, there was no deception. Courts have been persuaded by this argument. *See Moore*, 2016 WL 1627604, at *2 (finding that tailgating into a parking garage for purposes of repossession was not deceptive); *Arcand*, No. 23-cv-1505, Doc. No. 88 (describing tailgating as "open and notorious"). But, nonetheless, a jury is free to decide that tailgating without authorization from property staff was deceptive.

The summary judgment stage is not the time to determine how the *Clarin* factors weigh in this case. A jury could reasonably decide that the factors weigh in favor of LaRoque or could just as easily decide that the factors weigh in favor of Defendants. The Court will not make that decision. Because the Court finds that the factors do not clearly weigh in one direction and because it is a jury's decision how to weigh the factors, the Court cannot find that Defendants breached the peace as a matter of law.

### B. Trespass

Alternatively, LaRoque argues that Recovery breached the peace by committing a trespass. Violation of a criminal statute is enough to show a breach of the peace. *See Bloomquist*, 378 N.W.2d at 85; *Akerlund*, 2001 WL 1631440 at *3. Minnesota law prohibits entry into "the dwelling or locked or posted building of another, without claim of right or consent of the owner." Minn. Stat. § 609.605, subdiv. 1(b)(4) (2024). However, courts have dismissed a claim of trespass after default, finding that the default gave the secured party the right to repossess the vehicle and therefore the entry was not trespass. *See Thompson*, 709 N.W.2d at 312; *Moore*, 2016 WL 1627604, at *2. LaRoque is not entitled to judgment as a matter of law.

### CONCLUSION

The Court finds that Plaintiff Nichole LaRoque is not entitled to judgment as a matter of law. A jury could decide that Defendants breached the peace while conducting the repossession, which would violate Minnesota law and therefore the FDCPA. However, a jury could also find that Defendants did not breach the peace, and therefore that there was no violation. When such factual findings are disputed, summary judgment is inappropriate.

**ORDER**

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff Nichole LaRoque's motion for partial summary judgment (Doc. No. [55]) is respectfully **DENIED**.

Dated:  March 21, 2025                    s/Donovan W. Frank
                                          DONOVAN W. FRANK
                                          United States District Judge